NATHANIEL J. YOUNG, PLAINTIFF IN ERROR, v. STEPHEN ROBERTS, DEFENDANT IN ERROR.

1. **Trial:** VERDICT. Questions of fact, and upon conflicting testimony, are to be decided by the trial jury, and a verdict will not be set aside on the ground of a want of sufficient evidence to support it, unless the want is so great as to show that the verdict is manifestly wrong. *Sycamore Co. v. Grundrad,* 16 Neb., 529.

2. **Replevin:** TRIAL: LEVY: EVIDENCE. Where, in an action of replevin of property levied upon by an officer as the individual property of A, and the property is claimed by the plaintiff as the partnership property of A & B, and upon trial the jury find specially that the property in controversy was the sole property of A at the time of the levy, the question of the right of the creditors of A to levy upon the partnership property of A & B becomes unimportant, and the refusal of the trial court to admit testimony tending to prove that the indebtedness of the partnership exceeded the assets, *Held,* Not prejudicial to plaintiff.

ERROR to the district court for Nance county. Tried below before BARNES, J.

*M. V. Moudy* and *J. R. Webster,* for plaintiff in error.

*M. Whitmoyer,* for defendant in error.

COBB, CH. J.

Plaintiff, Nathaniel J. Young, commenced an action in replevin in the court below, by which he sought to recover the possession of a stock of furniture levied upon by the defendant, who was the sheriff of Nance county. The petition alleged a special ownership in the property and the right to the possession thereof; that the property belonged to the firm of G. S. Young and plaintiff, who were brothers. The answer in effect admitted the parntership, but denied that G. S. Young and plaintiff were equal

partners, denied the wrongful detention of the property and the plaintiff's right to its possession.

From the transcript of the testimony it appears that on the 20th day of November, 1882, the defendant levied upon the property in question as the property of G. S. Young, to satisfy an execution then in his hands issued upon a judgment in the county court of Nance county against G. S. Young and Polly Young.

The contention on the trial on the part of plaintiff was, that the property in dispute belonged to the firm of G. S. Young & Brother, and on the part of defendant that it was the individual property of G. S. Young. The record also shows that what purported to be the articles of co-partnership was introduced in evidence, and that it was dated the 10th of November, 1882. But it does not accompany the transcript and we are wholly in the dark as to its provisions. Whether it supported the theory of plaintiff that the partnership went into effect on that date we do not know and cannot ascertain. The plaintiff and G. S. Young both testified that it did. The defendant sought to show that the partnership had no existence at the time of the levy, and for that purpose introduced the testimony of two witnesses (the county judge in whose court another cause had been tried and a juror who had set in that cause) who testified substantially that on that trial plaintiff had sworn that he did not come to Genoa (the place where the store was located) until about the 20th of November, the date of the levy, and that the partnership was not formed until about twenty days after his arrival. The cause was tried to a jury, who returned a general verdict in favor of the defendant. They also returned a special verdict by which they found that G. S. Young was the sole owner of the property in controversy at the time it was levied upon by defendant. A motion for a new trial having been overruled, and a judgment rendered on the verdict, the cause is brought into this court by plaintiff, as plaintiff in error, for review.

A number of questions are presented by plaintiff in error in his brief, and upon the argument, touching the rights of the creditors of the individual members of a partnership, and as to the liability of partnership property for the payment of such creditors, also as to the proper procedure in such cases; and in that connection it was urged that the court erred in excluding from the jury the testimony offered for the purpose of showing that the liabilities of the partnership exceeded the assets. Considering the theory upon which the case was tried, this ruling may have been erroneous; but this question, with all others presented, except that the verdict is not sustained by the evidence, is, in our view, disposed of by the special verdict of the jury. If the jury were justified by the evidence in finding that the property in controversy belonged to G. S. Young, the judgment debtor, at the time of the levy, all questions as to the rights of partners and partnership creditors are cut of the case, and the rulings of the trial court upon such questions become of no consequence. As we have seen, the evidence is not all before us. But if it were, and the contracts were as claimed by plaintiff in error, yet we should be compelled to hold the verdict of the jury is sustained by sufficient evidence. In *Sycamore, etc., Co. v. Grundrad*, 16 Neb., 529, it is said, "In the examination of the question, it must not be forgotten that the jury are the judges of questions of fact, and that a verdict will not be set aside as against the weight of evidence, unless clearly wrong. Such has been the uniform holding of this court." See also cases there cited. Applying this rule to the case at bar, it must be held that the verdict must stand, and that the special verdict is final. See *Bierbower v. Polk*, *ante* p. 268.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.